IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**TINA BOOK**,                                          Civ. No. 1:12-cv-00404-CL

　　　　　　　Plaintiff,

　　　　　　　　　　　　　　　　　　　　　　　**ORDER**

　　　v.

**JUDY HUNTER, RANDALL HUNTER, and
HUNTER CREST PROPERTIES, LLC.,**

　　　　　　　Defendants.

_____

CLARKE, Magistrate Judge.

　　This matter comes before the court on Plaintiff's motion for attorney fees and costs (#53). On March 5, 2013, the court held a bench trial and took this case under advisement. On March 21 the court issued its findings of fact and conclusions of law, and on April 4, 2013, judgment was entered in favor of the plaintiff. Plaintiff moves that the court award attorney's fees in the amount of $60,013 pursuant to 42 U.S.C. § 1988 and costs in the amount of $114.60, as submitted in her Bill of Costs. This motion is GRANTED, and the fees and costs awarded as detailed below.

## DISCUSSION

In a civil action under 42 U.S.C.A. § 3613(a), the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee and costs.  In order to establish the amount of attorney fees that plaintiff's counsel should recover, the court "must first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate."  Intel Corp. v. Terabyte Intern., Inc., 6 F.3d 614, 622 (9th Cir.1993) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).  In appropriate cases, the court may then "adjust the 'presumptively reasonable' lodestar figure based upon the factors listed in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69–70 (9th Cir.1975) ... that have not been subsumed in the lodestar calculation."  Id.

Plaintiff's request for $60,013 is broken down as follows: 126.7 hours worked by attorney Brett Landis at an hourly rate of $233; 62.4 hours worked by attorney Brett Pruess at an hourly rate of $185; and 58.3 hours worked by attorney Edward Johnson at an hourly rate of $325.  The defendants have submitted an objection to plaintiff's request for attorney fees, but they make no substantive response to show how the request is unreasonable.  The court must nevertheless determine whether the fee request is reasonable according to the steps above.

*a. Reasonable Hourly Rate*

The burden is on the party seeking fees to show "that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation."  Jordan v. Multnomah Cnty., 815 F.2d 1258, 1263 (9th Cir.1987).  In Blum v. Stenson, a unanimous Supreme Court declared that "Congress did not intend the calculation of fee awards to vary depending on whether plaintiff was represented by private counsel or by a nonprofit legal services organization."  465 U.S. 886, 894 (1984).  "Affidavits of the plaintiffs'

attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." United Steelworkers of Am. v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir.1990).  The Oregon State Bar published its 2012 Economic Survey, which includes the hourly billing rates for various types of work at various experience levels during the year 2012.  This is an appropriate "initial benchmark" to determine whether a requested hourly rate is reasonable.  See Davis v. Wal-Mart Stores, Inc., 3:09-CV-01488-MO, 2012 WL 1424105 (D. Or. Apr. 23, 2012).

Attorney Brett Landis was admitted to the Oregon State Bar in 2007.  According to the survey, $233 per hour was the 75th percentile of the range of hourly rates billed by attorneys with four to six years of experience statewide in 2012.   Even though Ms. Landis has significant experience in fair housing and landlord-tenant issues based on her work at Legal Aid Services in Oregon, she does not seek an increase in the average hourly rate, and the Court finds this rate reasonable.

Attorney Brett Pruess was admitted to the Oregon State Bar in 2010.  According to the survey, $185 per hour was the 75th percentile of the range of hourly rates billed by attorneys with up to three years of experience statewide in 2012.   Mr. Pruess has significant experience in landlord-tenant litigation based on his work at the Oregon Law center, but he does not seek an increase in the average hourly rate, and the Court finds this rate reasonable.

Attorney Edward Johnson was admitted to the Oregon State Bar in 1996.  According to the survey, $250 per hour was the 75th percentile of the range of hourly rates billed by attorneys with sixteen to twenty years of experience statewide in 2012.  He is seeking $325 per hour for his time in this case, which is an increase of $75 per hour.  To support this higher rate, he notes

that he has been the statewide housing and homeless rights litigation coordinator for the Oregon Law Center since 2002. He states that in larger cases he often co-counsels with busy staff attorneys in smaller offices "so that they can take on cases that may have a larger impact in our clients' lives." In this case, his two co-counsel work in offices where they are one of two attorneys and the only staff attorney. Thus he felt that "actively co-counseling on this case would help alleviate the pressure on their offices." Mr. Johnson states that his requested hourly rate is based on his experience as a Portland based attorney, but he believes it is appropriate in this litigation because the plaintiff was unable to find a private local attorney to handle this federal litigation. He also notes that he has received this rate for the past two years, including from the Oregon Court of Appeals in the case Nordbye v. BRCP/GM Ellington LLC[1] in April 2012. The Court finds that, based on the above, the requested rate is reasonable.

### b. Number of Hours Reasonably Expended on Litigation

Plaintiff's counsel has submitted records specifying the legal services rendered and the time expended on this case. Over the course of almost two years, three attorneys spent 310.2 hours. Plaintiff's attorneys note that three legal assistants / law clerks spent time on this case, but that time is not included in their request. Additionally they note that they have reviewed the records and have eliminated over 62.8 attorney hours spent on the case.

Plaintiff's counsel argues that several factors made this case "unavoidably time consuming," including three depositions, a motion *in limine*, and the fact that plaintiff's counsel "had to repeatedly address defense counsel's failure to meet deadlines." Defense counsel does not dispute this characterization. In fact, defendants do not make any substantive or particular objections to the hours billed by plaintiff's counsel in this case. However, the Court has reviewed the timesheets submitted by the attorneys in this case for entries indicating excessive

---

[1] Underlying case: 246 Or. App. 209, 266 P.3d 92 (2011) review denied by 352 Or. 33 (May 17, 2012).

and unnecessary clerical tasks, which are not reimbursable, see Davis v. Wal-Mart Stores, Inc., 3:09-CV-01488-MO, 2012 WL 1424105 (D. Or. Apr. 23, 2012) (citing Missouri v. Jenkins, 491 U.S. 274, 388 n. 10 (1989)), as well duplicative time entries. While a few entries by Attorney Landis, totaling 1.3 hours, may well be indicative of clerical tasks, there is no evidence that any of these are excessive, or unnecessary, or even "purely clerical," and as defendants do not raise any specific objections, the Court finds these entries reasonable.

    *c. Lodestar Calculation*

    Based on the foregoing, the presumptively reasonable lodestar calculation of plaintiff's attorney fees equals $60,013. The court may adjust based on the Kerr factors, which include (1) time and labor required; (2) novelty and difficulty of the issues; (3) skill required; (4) preclusion of other employment by the attorney; (5) customary fee; (6) contingent or fixed nature of the fee; (7) time limits imposed by the client or circumstances; (8) amount involved and result obtained; (9) experience, reputation and ability of the attorney; (10) undesireability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Kerr, 526 F.2d at 69–70. In this case, the relevant factors have been subsumed into the lodestar calculation; therefore I have determined that no adjustment is necessary.

    *d. Costs*

    Plaintiff seeks costs in the amount of $114.60, which consists of $108 for a process server, and $6.60 for the mailing of service documents. These costs are compensable because they are reasonable, and they were necessary for the development of the case and for use at trial. See 28 USC 1920(2), (4).

## CONCLUSION

Plaintiff's Motion for Attorney Fees and Costs [53] is GRANTED. Plaintiff shall recover

$60,013 in attorney fees, and $114.60 in costs.


ORDERED and DATED this _____7_____ day of August, 2013.


_____

MARK D. CLARKE
United States Magistrate Judge

Page 6 – ORDER